## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
## INDIANAPOLIS DIVISION

| | |
|---|---|
| Jacqueline Skevington, | * |
| On behalf of herself and those similarly situated, | * Case No. 1:21-CV-3105 |
| | * Judge |
| Plaintiff, | |
| | * Magistrate Judge |
| v. | |
| | * **JURY DEMAND ENDORSED HEREON** |
| Hopebridge, LLC | |
| c/o Taft Service Solutions Corp. | * **Class Action Complaint** |
| One Indiana Square, Suite 3500 | |
| Indianapolis, Indiana, 46204, | * **FLSA Collective Action Complaint** |
| Defendant. | * |

**PLAINTIFF'S COLLECTIVE AND CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT AND THE INDIANA WAGE PAYMENT STATUTE**

Now comes Named Plaintiff Jacqueline Skevington ("Skevington," "Named Plaintiff," or "Plaintiff"), by and through undersigned counsel, individually and on behalf of other members of the general public similarly situated, for her Complaint against Hopebridge, LLC ("Hopebridge" or "Defendant") for its failure to pay employees overtime wages seeking all available relief under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, and the Indiana Wage Payment Statute, I.C. 22-2-5 ("Indiana Wage Payment Statute" or "IWPS"), due to Defendant's compensation scheme whereby it does not compensate its employees for certain breaks of twenty (20) minutes or less. Specifically, Defendant has a policy and practice whereby it only pays its hourly, non-exempt Registered Behavioral Technicians ("RBTs") for time recorded on a company-wide electronic timekeeping system and requires its RBTs to clock out for time spent on short breaks of 20 minutes of less. In its violation of the FLSA, i.e. 29 C.F.R. § 758.18, Defendant does

not compensate its RBTS for such time, resulting in unpaid overtime in violation of the FLSA when RBTs worked forty (40) or more hours in one or more workweeks. In addition, RBTs are owed unpaid regular and overtime compensation in violation of the Indiana Wage Payment Statute, whether or not they worked over forty (40) or more hours.

Named Plaintiff's FLSA claims are asserted as a collective action pursuant to 29 U.S.C. § 216(b) while the class action claims arise under the Indiana Wage Payment Statute, I.C. § 22-2-5, *et seq.*, and are asserted as a class action under Rule 23. The following collective and class action allegations are based on personal knowledge as to the Named Plaintiff's own conduct and they are made on information and belief as to the acts of others. Named Plaintiff, individually and on behalf of others similarly situated, hereby states as follows:

I. **JURISDICTION AND VENUE**

1. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 for violations of the FLSA.

2. This Court's jurisdiction in this matter is also predicated upon 28 U.S.C. § 1367, as this Complaint raises additional claims pursuant to the laws of Indiana over which this Court maintains supplemental subject matter jurisdiction because they form a part of the same case or controversy.

3. Venue is proper in this forum pursuant to 28 U.S.C. § 1391, as a substantial part of the events or omissions giving rise to their claims occurred in the Southern District of Indiana, Defendant has its principal place of business in this district, and/or it otherwise conducted substantial business in the Southern District of Indiana.

II. **FACTUAL ALLEGATIONS**

A. **Named Plaintiff Skevington**

4. Skevington is an individual, United States citizen, and she worked for Defendant at one of its autism therapy centers located at 4422 E. State Blvd., Fort Wayne, Indiana, 46815.

5. During Named Plaintiff's employment, she worked as a registered behavior technician ("RBT") from approximately November, 2019 until her voluntary resignation around approximately November, 2020.

6. During all times relevant when she worked as a RBT, Skevington was paid on an hourly basis, and she was a non-exempt employee. As a result, she was an "employee" of Defendant as defined in the FLSA and Indiana Wage Payment Statute.

7. Named Plaintiff brings this action on behalf of herself and on behalf of those similarly situated and has given her written consent to bring this action to collect unpaid overtime compensation under the FLSA. Named Plaintiff's consent form is being filed along with the Complaint pursuant to 29 U.S.C. § 216(b) (*Consent to be Party Plaintiff*, attached hereto as **Exhibit A**).

### B. Defendant Hopebridge, LLC

8. Defendant is a domestic limited liability company with its principal place of business located at 3500 Depauw Blvd., Suite 3070, Indianapolis, Indiana 46268 – 6135, was formed in 2005 under the laws of Indiana, and is authorized to conduct business (and did conduct business) in the State of Indiana during all times relevant.

9. Defendant provides healthcare services, including personalized therapy for children and their families affected by behavioral, physical, social, communication, and sensory challenges, as well as outpatient services.

10. According to Defendant's website, Defendant employs thousands of similarly situated employees as Plaintiff and operates approximately 58 facilities located in Indiana (17), Ohio (9), Kentucky (6), Georgia (14), Colorado (6), and Arizona (6).[1]

11. Defendant is and has been doing business in this judicial district.

12. At all times relevant, Defendant has been an "employer" as that term is defined by the FLSA and Indiana Wage Payment Statute.

13. During relevant times, Defendant maintained control, oversight, and direction over Named Plaintiff and other similarly situated employees, including the promulgation and enforcement of policies affecting the payment of wages and overtime.

14. During all times relevant, Defendant has benefitted from the work performed by Named Plaintiff and those similarly situated.

15. Upon information and belief, Defendant operates and controls an enterprise and employs employees engaged in commerce or in the production of goods for commerce, or it has had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, and Defendant has had an annual gross volume of sales made or business done of not less than $500,000 per year (exclusive of excise taxes at the retail level) during each of the three years prior to filing the Complaint up through and including the present year.

### III. COLLECTIVE AND CLASS ACTION ALLEGATIONS

16. Named Plaintiff and other similarly situated employees are current or former non-exempt hourly employees of Defendant in the position of Registered Behavioral Technicians ("RBTs"). All of Defendant's RBTs are hourly, non-exempt employees.

---

[1] https://www.hopebridge.com/centers/ (last visited December 28, 2021).

17. Defendant's workweek is from Monday through Sunday with business hours of Monday through Friday, 8:30 am through 6:00 pm.

18. Defendant suffered or permitted Named Plaintiff and others similarly situated to work more than forty (40) hours in one or more workweeks, entitling them to overtime compensation under the FLSA.

19. During their employment with Defendant, Named Plaintiff and similarly situated employees were not fully and properly paid in accordance with the minimum requirements of the FLSA for all of their compensable hours worked due to its company-wide policies/practices.

**(Unpaid Overtime Due to Break Policy and/or Practice)**

20. At relevant times, Defendant maintained a written companywide FLSA-violating policy in its employee handbook that required all of its hourly, non-exempt RBTs to clock out for unpaid "breaks and lunch if the break/lunch exceeds 15 minutes."

21. In practice, RBTs were subject to a companywide policy of not compensating its RBTs for "breaks" *regardless* of duration. There was no minimum 15 minute or more requirement for the nonpayment of a "break" or "meal break." Instead, RBTs were not paid for any breaks no matter how short in duration and were required to clock out for all breaks.

22. As such, Named Plaintiff and similarly situated RBTs are owed unpaid overtime because Defendant did not compensate employees for short meal or rest breaks.

23. With respect to short "rest breaks" of 20 minutes or less in duration, Defendant did not compensate Plaintiff and similarly situated employees for them regardless of the reason for the break. At all times, Defendant required Plaintiff and similarly situated employees to clock out for short rest breaks.

24. As a result, during one or more workweeks when Plaintiff and similarly situated employees were required to clock out for breaks of 20 minutes or less in duration, they should have been paid for this time. *See* 29 C.F.R. § 785.18.

25. Moreover, "meal breaks" of 20 minutes or less were not bona fide meal periods under the wage and hour laws and attendant regulations. *See* 29 C.F.R. § 785.19.

### Sample Workweek of Unpaid Overtime for Plaintiff Skevington

26. Defendant's unlawful pay policy and/or practice of deducting short unpaid breaks from employees' hours worked as outlined above is reflected in the following representative workweek. During the workweek of Monday, October 21, 2019 to Friday, October 25, 2019, Plaintiff worked more than 40 hours, but was not paid for all hours worked as follows:

   a) On October 21, 2019, she was clocked in from 8:35 am until 4:36 pm, or 8.02 hours;

   b) On October 22, 2019, she was clocked in from 8:50 am until 4:38 pm, or 7.80 hours;

   c) On October 23, 2019, she was clocked in from 8:39 am until 4:36 pm, or 7.95 hours;

   d) On October 24, 2019, she was clocked in from 8:35 am until 11:32 am, clocked out from 11:32 am until 11:51 am for a break less than twenty (20) minutes in duration, and clocked back in from 11:51 am until 4:48 pm, or 7.9 hours; and

   e) On October 25, 2019, she was clocked in from 8:00 am until 12:26 pm, clocked out from 12:26 pm until 12:55 pm, and clocked back in from 12:55 pm until 4:33 pm, or 8.06 hours.

27. Had she been paid for all of her compensable work hours, including her recorded break of less than 20 minutes, Hopebridge would have owed Skevington a small amount of overtime premium pay for the work week (she worked at least 40.05 hours).

28. As a result of Defendant's company-wide policy of not compensating Skevington and similarly situated RBTs for recorded breaks of twenty (20) minutes in duration or less, Defendant willfully violated the FLSA.

29. As such, Skevington and similarly situated RBTs are owed unpaid overtime during workweeks when they worked forty (40) or more hours in one or more workweeks.[2]

**(Unpaid Wages Under the Indiana Wage Payment Statute During Workweeks when Named Plaintiff Worked Less than Forty (40) Hours in One or More Workweeks)**

30. With respect to workweeks when Named Plaintiff Skevington and similarly situated others worked less than forty (40) hours in one or more workweeks, Defendant failed to pay them for all "wages,"[3] in violation of the Indiana Wage Payment Statute.

31. For example, during the workweek of Monday, January 27, 2020 through Friday, January 31, 2020, Skevington's payroll records reflect that she worked less than forty (40) hours.

32. By way of example of one short unpaid "break," on Thursday, January 30, 2020, Skevington was clocked in at 8:23 am until 3:06 pm. She was then clocked out from 3:06 pm until 3:25 pm for an unpaid "break" of nineteen (19) minutes.

33. As such, she should have been compensated for such work time, including this recorded break of less than 20 minutes, given she was required to be on Defendant's premises and was performing job duties for Defendant's benefit.

34. The above is a representative example when Named Plaintiff Skevington and others are owed wages under the Indiana Wage Payment Statute during workweeks when they worked less than forty (40) hours.

---

[2] Plaintiff provides this example as merely illustrative of the companywide practice or policy of not compensating employees for short rest breaks.
[3] *See* I.C. § 22-2-9-1(b), "wages" means all amounts at which the labor or service rendered is recompensed, whether the amount is fixed or ascertained on a time, task, piece, or commission, basis, or in any other method of calculating such amount.

**A. 216(b) Collective Action for Unpaid Overtime Wages.**

35. Named Plaintiff brings her FLSA claims pursuant to 29 U.S.C. § 216(b) as a representative action on behalf of herself and all other similarly situated employees of the opt-in class, consisting of:

> All of Defendant's current and former hourly, non-exempt RBTs who, with the addition of their recorded breaks of twenty (20) minutes or less, worked 40 or more hours in any workweek beginning three years preceding the filing date of this Complaint and continuing through the date of final disposition of this case (the "§ 216(b) Collective Class" or the "§ 216(b) Collective Class Members").

36. This FLSA claim is brought as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for overtime compensation withheld in violation of the FLSA, liquidated damages, and attorneys' fees.

37. In addition to the Named Plaintiff, the putative § 216(b) Collective Class Members have been denied overtime compensation due to Defendant's company-wide payroll policies and/or practices of not fully and properly compensating its employees all overtime compensation as outlined above when they worked forty (40) or more hours in one or more workweeks. The Named Plaintiff is representative of those other similarly situated employees and is acting on behalf of her interests as well as their own in bringing this action.

38. The identity of the putative § 216(b) Collective Class Members are known to Defendant or are readily identifiable through Defendant's payroll records. These individuals may readily be notified of this action and allowed to opt-in to it pursuant to 29 U.S.C. § 216(b) for the purpose of collectively adjudicating their claims for overtime compensation, liquidated damages, attorneys' fees, and costs under the FLSA.

39. The net effect of Defendant's policies and practices is that Defendant willfully failed to fully and properly pay Named Plaintiff and § 216(b) Collective Class Members overtime

wages. Thus, Defendant enjoyed substantial profits at the expense of the Named Plaintiff and § 216(b) Collective Class Members.

### B. Fed. R. Civ. P. 23 Class Action for Unpaid Wages.

40. Named Plaintiff on behalf of herself and other current and former RBTs of Defendant who were similarly denied payment of wages. All of the individuals defined below are common victims of Defendant's scheme to treat certain recorded breaks of twenty (20) minutes or less as unpaid time.

41. In addition, during other workweeks when Named Plaintif and similarly situated RBTs were clocked out for various amounts of time as alleged above in the sample workweek, they are owed unpaid wages for such "gap time."

42. Named Plaintiff, pursuant to Fed. R. Civ. P. 23, will serve as a class representative on behalf of herself and all other similarly situated of the following class, consisting of:

> All of Defendant's current and former hourly RBTs who worked at any of Defendant's centers throughout the United States and who were not paid for recorded breaks of twenty (20) minutes or less in any workweek beginning two years preceding the filing date of this Complaint and continuing through the date of final disposition of this case (the "Rule 23 Class" or the "Rule 23 Class Members").

43. During relevant times, Named Plaintiff and those Rule 23 Class Members have been denied compensation due to Defendant's company-wide payroll policies and/or practices of not fully and properly compensating its RBTs for all wages as outlined above when they worked less than forty (40) hours in one or more workweeks. The Named Plaintiff is representative of those other similarly situated employees and is acting on behalf of her interests as well as their own in bringing this action.

44. The Rule 23 Class, as defined above, is so numerous that joinder of all members is impracticable. Named Plaintiff will pursue discovery to obtain the names of the other current and former RBTs to provide notice of the class action and to offer the opt out opportunity.

45. Named Plaintiff is a member of the Rule 23 Class, whose claims for unpaid wages are typical of the claims of other members of the Rule 23 Class.

46. Named Plaintiff will fairly and adequately represent the Rule 23 Class and the interests of all members of the Rule 23 Class.

47. Named Plaintiff has no interest that is antagonistic to or in conflict with those interests of the Rule 23 Class that she has undertaken to represent.

48. Named Plaintiff has retained competent and experienced class action counsel who can ably represent the interests of the entire Rule 23 Class.

49. Questions of law and fact are common to the Rule 23 Class.

50. Class certification is appropriate under Fed. R. Civ. P. 23(b)(1) because individual actions would create the risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for Defendant with respect to its non-exempt employees.

51. Class certification is appropriate under Fed. R. Civ. P. 23(b)(2), as Defendant acted or refused to act on grounds generally applicable to the Rule 23 Class, making appropriate declaratory and injunctive relief with respect to Named Plaintiff and the Rule 23 Class as a whole.

52. Class certification is appropriate under Fed. R. Civ. P. 23(b)(3), as the questions of law and facts common to the Rule 23 Class predominate over questions affecting individual members of the Rule 23 Class and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

53. Questions of law and fact that are common to the Rule 23 Class include, but are not limited to: (a) whether Defendant violated the Indiana Wage Payment Statute by failing to pay the Rule 23 Class Members for recorded breaks of twenty (20) minutes or less in duration when such breaks would constitute overtime work; (b) whether Defendant violated the Indiana Wage Payment Statute by failing to pay the Rule 23 Class Members for recorded breaks of twenty (20) minutes or less in duration when such breaks would constitute gap time during workdays for which they should have been compensated due to performing job duties for Defendant's benefit; (c) whether Defendant's violations of the Indiana Wage Payment Statute were knowing and willful; (d) what amount of unpaid and/or withheld compensation, including overtime, is due to the Named Plaintiff and other members of the Rule 23 Class on account of Defendant's violations of the Indiana Wage Payment Statute; and (e) what amount of prejudgment interest is due to Rule 23 Class members on the overtime or other compensation that was withheld or not paid to them.

54. A class action is superior to individual actions for the fair and efficient adjudication of Named Plaintiff's and the Rule 23 Class' claims and will prevent undue financial, administrative, and procedural burdens on the parties and the Court. Named Plaintiff and counsel are not aware of any pending Indiana litigation on behalf of the Rule 23 Class, as defined herein, or on behalf of any individual alleging a similar claim. Because the damages sustained by individual members are modest compared to the costs of individual litigation, it would be impractical for class members to pursue individual litigation against the Defendant to vindicate their rights. Certification of this case as a class action will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

IV. **CAUSES OF ACTION**

**COUNT I**
**(29 U.S.C. § 207 - FLSA COLLECTIVE ACTION FOR UNPAID OVERTIME)**

55. All of the preceding paragraphs are realleged as if fully rewritten herein.

56. This claim is brought as part of a collective action by the Named Plaintiff on behalf of herself and the § 216(b) Collective Class Members.

57. During the relevant time period preceding this Complaint, Defendant employed the Named Plaintiff and the § 216(b) Collective Class Members.

58. Named Plaintiff and the § 216(b) Collective Class Members were paid on an hourly basis and they were employed in non-exempt positions during the relevant time period.

59. Named Plaintiff and the § 216(b) Collective Class Members worked in excess of 40 hours in one or more workweeks during their employment.

60. The FLSA requires that covered employees be compensated for every hour worked in a workweek. *See* 29 U.S.C. § 206(b).

61. The FLSA requires that non-exempt employees receive overtime compensation of one-and-one-half times their regular rates of pay for hours worked in excess of forty (40) per week. *See* 29 U.S.C. § 207(a)(1).

62. Plaintiff and the § 216(b) Collective Class Members were not exempt from receiving FLSA overtime compensation.

63. Plaintiff and the § 216(b) Collective Class Members worked in excess of forty hours during one or more workweek(s) within the relevant time period described herein.

64. Defendant violated the FLSA with respect to Plaintiff and the § 216(b) Class by, *inter alia*, failing to compensate them at one-and-one-half times their regular rates of pay for all hours worked over forty (40) hours in one or more workweeks as outlined above.

65. Named Plaintiff and the § 216(b) Collective Class Members should have been paid overtime for all hours worked in excess of forty hours per workweek during the three years prior to the filing of this Complaint.

66. Named Plaintiff and the § 216(b) Collective Class Members should have been paid for all overtime hours worked during the three years prior to the filing of this Complaint.

67. Defendant knew or should have known of the overtime payment requirements of the FLSA. Defendant willfully withheld and failed to pay the overtime compensation to which Named Plaintiff and the § 216(b) Collective Class Members are entitled.

68. The exact total amount of overtime compensation that Defendant failed to pay the Named Plaintiff and the § 216(b) Collective Class Members is unknown at this time, as many of the records necessary to make such precise calculations are in Defendant's possession or were not otherwise kept by Defendant.

69. As a direct and proximate result of Defendant's conduct, the Named Plaintiff and the §216(b) Collective Class Members have suffered and continue to suffer damages. The Named Plaintiff seeks unpaid overtime and other compensation, liquidated damages, interest and attorneys' fees, and all other remedies available on behalf of himself and the § 216(b) Collective Class Members.

**COUNT II**
**(I.C. § 22-2-5-2 – RULE 23 CLASS ACTION FOR ALL UNPAID WAGES)**

70. All of the preceding paragraphs are realleged as if fully rewritten herein.

71. Skevington is the Named Plaintiff whose Indiana statutory wage claims arise under the Indiana Wage Payment Statute, I.C. § 22-2-5, and the Plaintiff who represents the same or similar interests of all current and former RBTs who voluntarily resigned from employment.

72. The Named Plaintiff and the Rule 23 Class Members have been employed by Defendant, and Defendant is an employer covered by the Indiana Wage Payment Statute.

73. By way of this claim, Skevington is seeking, individually and on behalf of members of the Rule 23 Class of current and former RBTs who worked at any autism center in Indiana and those across the United States, all available damages, including all unpaid wages, all available liquidated damages (i.e. double damages), attorneys' fees, costs, and expenses prosecuting the litigation, plus any other damage to which Skevington and Rule 23 Class Members may be entitled to pursuant to applicable law.

74. Defendant's failure to pay Skevington and her fellow Rule 23 Class Members their wages in full constitutes bad faith. Defendant can certainly not claim that it was acting in good faith when it implemented a company-wide policy of treating recording breaks of twenty (20) minutes or less as unpaid time.

75. As an Indiana employer, Hopebridge is liable for payment of unpaid wages, liquidated damages, attorney's fees and costs under the Indiana Wage Payment Statute owed to Skevington and other members of the class regardless of where Skevington and/or each member of the class physically worked. See *Huff v. Biomet, Inc.,* 654 N.E.2d 830, 834–35 (Ind. Ct. App. 1995*),* abrogated on other grounds by *St. Vincent Hosp. & Health Care Ctr., Inc. v. Steele*, 766 N.E.2d 699 (Ind. 2002) ("The Wage Payment Statute does not impose any restriction on the employee but instead the plain language of the statute dictates that the applicability of the Wage Payment Statute rests solely upon whether the employer is doing business in Indiana. *See* I.C. 22–2–5–1(a). Because Biomet was a corporation doing business in Indiana, we determine that it was subject to the Wage Payment Statute.").

76. This Court is the appropriate venue for this cause of action as Hopebridge is an Indiana domestic corporation and is headquartered and resides in Indianapolis, Marion County, Indiana.

## V. **PRAYER FOR RELIEF**

**WHEREFORE**, as to all counts, Named Plaintiff and others similarly situated pray for an Order against Defendant as follows:

A. Certifying the proposed FLSA collective action;

B. Directing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the § 216(b) Class apprising them of the pendency of this action and permitting them to timely assert their rights under the FLSA;

C. Judgment against Defendant for damages for all unpaid overtime compensation owed to Named Plaintiff and the § 216(b) Class during the applicable statutory period under the FLSA and continuing through trial;

D. Judgment against Defendant for liquidated damages pursuant to the FLSA in an amount equal to all unpaid overtime compensation owed to Named Plaintiff and all other similarly situated employees during the applicable statutory period under the FLSA and continuing through trial;

E. Directing Defendant to pay reasonable attorneys' fees and all costs connected with this action;

F. Leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court;

G. Judgment for all civil penalties to which Named Plaintiff and all other similarly situated employees may be entitled; and

H. Such other and further relief as to this Court may deem necessary, just, or proper.

I. An Order certifying the proposed Rule 23 Class under the Indiana Wage Payment Statute;

J. Awarding to the Named Plaintiff and the Rule 23 Class Members all damages available under the Indiana Wage Payment Statute, including all unpaid wages, liquidated damages, attorneys' fees, costs, and expenses;

K. An award of prejudgment and post-judgment interest;

L. Awarding Named Plaintiff and the Rule 23 Class Members such other and further relief as the Court deems necessary, just, or proper.

Respectfully submitted,

HASSLER KONDRAS MILLER LLP

By/s/Robert P. Kondras, Jr.
Robert P. Kondras, Jr.
Attorney No. 18038-84
100 Cherry Street
Terre Haute, IN 47807
(812) 232-9691
Facsimile: (812) 234-2881
kondras@hkmlawfirm.com


*/s/ Matthew J.P. Coffman*
Matthew J.P. Coffman (OH Bar No. 0085586)
**COFFMAN LEGAL, LLC**
1550 Old Henderson Road, Suite 126
Columbus, Ohio 43220
Phone: 614-949-1181
Fax: 614-386-9964
Email: mcoffman@mcoffmanlegal.com

*/s/ Daniel I. Bryant*
Daniel I. Bryant (OH Bar No. 0090859)
**BRYANT LEGAL, LLC**
1550 Old Henderson Road, Suite 126
Columbus, Ohio 43220

Phone: (614) 704-0546  
Facsimile: (614) 573-9826  
Email: dbryant@bryantlegalllc.com

## JURY DEMAND

Plaintiff, by counsel, requests a trial by jury on all eligible claims and issues.

/s/ Robert P. Kondras, Jr.
Robert P. Kondras, Jr.