UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JACQUELINE SKEVINGTON on behalf of herself and those similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 1:21-cv-03105-JPH-MG |
| HOPEBRIDGE, LLC, | ) ) | |
| Defendant. | ) ) | |

**ORDER DENYING MOTION FOR PRELIMINARY APPROVAL
OF CLASS SETTLEMENT**

Jacqueline Skevington brought this suit on behalf of herself and those
similarly situated, alleging that Hopebridge, LLC, violated the Fair Labor
Standards Act (FLSA) and the Indiana Wage Payment Statute (IWPS) by failing
to properly pay its Registered Behavioral Technicians (RBTs) for short breaks
that they took throughout the day.  The parties have filed a joint motion for
preliminary approval of a class action settlement and notice, dkt. 33, along
with the executed settlement agreement, dkt. 33-1, and proposed class notice,
dkt. 33-3.  For the reasons that follow, the motion is **denied as presented**.
Dkt. [33].

**I.
Background**

Ms. Skevington brought this case in December 2021, alleging that
Hopebridge maintained a company-wide policy of "not compensating RBT's for
'breaks' regardless of duration."  Dkt. 1, ¶ 21.  She alleged that this policy
violated the FLSA and the IWPS.  *Id.*, ¶¶ 26–34.  She sought to bring the FLSA

1

claims "as an 'opt-in' collective action pursuant to 29 U.S.C. § 216(b)" on behalf of herself and all other similarly situated employees for unpaid overtime compensation. *Id.*, ¶¶ 35–39. She also sought to bring the IWPS claims as a Federal Rule of Civil Procedure 23 class of current and former RBTs for "unpaid wages for [the] 'gap time'" when they were required to clock-out. *Id.*, ¶¶ 40–54.

The parties engaged in discovery and concluded that the "data showed that the average RBT has a maximum unpaid wage claim [of] far less than $50 per" person. Dkt. 34 at 1–2. Therefore, they concluded that a settlement, involving "certification, for settlement purposes only, of a class under Federal Rule of Civil Procedure 23(b)(3)" was the most efficient path. *Id.*

According to the parties' executed class settlement agreement, the proposed settlement "Rule 23 Class" includes:

> All non-exempt, hourly-paid Registered Behavior Technicians ("RBTs") employed by Hopebridge, LLC at one or more of its locations in the United States at any time between December 28, 2019 and May 12, 2022.

Dkt. 33-1 at 4 (Executed Settlement Agreement § 1.28). Excluded from the Class are any persons who timely opt out of the Class. *Id.*[1] To effectuate that agreement, the parties request that the Court:

(1) enter the proposed Order Preliminarily Approving Class Action Settlement and Class Notice and Setting Fairness Hearing . . .

---

[1] Also, the "Class also does not include any RBT who opted in as a plaintiff and is entitled to a recovery in the settlement reached in the earlier case titled *Ryan Myres et al. v. Hopebridge, LLC*, Case No. 2:20-cv-5390-EAS-KAJ ("*Myres*"), filed in the United States District Court for the Southern District of Ohio. The individuals who are excluded from the Class because of their entitlement to a recovery in *Myres* are listed in Exhibit 1 to the *Myres* Collective Action Settlement Agreement and Release." Dkt. 33-1 at 4 (Executed Settlement Agreement § 1.28).

2

which [] sets forth the findings required by Federal Rule of Civil
Procedure 23(a) and 23(b)(3),

(2) grant provisional certification of the Rule 23 Class pursuant to
Federal Rule of Civil Procedure 23(b)(3) and preliminary approval
of the Agreement and settlement,

(3) approve the proposed Class Notice and authorizes the mailing of
the Class Notice to the Rule 23 Class Members,

(4) appoint Class Counsel, and

(5) schedule a Fairness Hearing for final approval of the Agreement
and settlement.

*Id.* at 2.

## II.
## Applicable Law

Class actions were designed as "an exception to the usual rule that
litigation is conducted by and on behalf of the individual named parties only."
*Gen. Tel. Co. of the S.W. v. Falcon*, 457 U.S. 147, 155 (1982). Any settlement
that results in the dismissal of a class action requires court approval. *See* Fed.
R. Civ. P. 23(e); *Reynolds v. Beneficial Nat'l Bank*, 288 F.3d 277, 279 (7th Cir.
2002). A court considering a request for preliminary approval of a Rule 23
class settlement must be vigilant to ensure that the interests of the class are
well served by the settlement. *Uhl v. Thoroughbred Tech. & Telecomms., Inc.*,
309 F.3d 978, 985 (7th Cir. 2002) ("In some ways, the Rule 23 requirements
may be even more important for settlement classes."); *see In re NCAA Student-
Athlete Concussion Injury Litig.*, 314 F.R.D. 580, 588 (N.D. Ill. 2016).

"Rule 23 actions are fundamentally different from collective actions
under the FLSA." *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 74
(2013); *Alvarez v. City of Chi.*, 605 F.3d 445, 448 (7th Cir. 2010) ("A

collective action" under the FLSA, "is similar to, but distinct from, the typical class action brought pursuant to Fed. R. Civ. P. 23."). "The principle difference is that plaintiffs who wish to be included in a [FLSA] collective action must affirmatively opt-in to the suit by filing a written consent with the court, while the typical class action includes all potential plaintiffs that meet the class definition and do not opt-out." *Alvarez*, 605 F.3d at 448; 29 U.S.C. § 216(b) ("No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought."). While not expressly required by the Seventh Circuit, district courts "routinely require" court approval for FLSA collective action settlements. *Hoaglan v. Grede Holdings LLC*, No. 20-cv-425-pp, 2020 WL 2703854, at *2 (E.D. Wis. Jul. 12, 2022). Courts should only approve FLSA collective action settlements that reflect a "fair and reasonable resolution of a bona fide dispute." *Id.* (listing seven factors the court should consider).

### III. Analysis

The Court has identified deficiencies in the motion for preliminary approval of the class action settlement.

#### A. FLSA claims and proposed opt-out settlement

When Ms. Skevington filed her complaint, she sought to bring the FLSA claims "as an 'opt-in' collective action pursuant to 29 U.S.C. § 216(b)" on behalf of herself and all other similarly situated employees for unpaid overtime compensation. Dkt. 1, ¶¶ 35–39. However, the parties' settlement agreement

explains that "the Parties have determined that this matter should be settled in a [Rule] 23(b)(3) class action rather than a more limited FLSA collective action." Dkt. 33-1 at 2. Thus, the Agreement provides that all class members who do not opt out, "shall release, and forever discharge, Defendant . . . from any and all wage and hour claims . . . that were or could have been asserted under the FLSA, [and] the IWPS . . . ." *Id.* at 15 (Executed Settlement Agreement § 9.1).

As drafted, this settlement resolves the FLSA claims of Ms. Skevington and the putative class through an opt-out release. *See* dkt. 34 at 6 ("[T]his class is based upon claims under the IWPS and the FLSA."). But class-wide FLSA claims must be resolved through an opt-in collective action, not an opt-out Rule 23 class action. *See* 29 U.S.C. § 216(b); *Alvarez*, 605 F.3d at 448; *Ervin v. OS Rest. Servs., Inc.*, 632 F.3d 971, 976 (7th Cir. 2011). Courts presented with similar settlements—which also seek to resolve FLSA and state-law claims through an opt-out release—have declined to preliminarily approve them. *See Butler v. American Cable & Telephone, LLC*, No. 09 CV 5336, 2011 WL 2708399, at *10 (N.D. Ill. Jul. 12, 2011) (determining that "it would be improper to allow a release of those claims under the Rule 23 opt-out procedure proposed by the parties" and directing the parties to discuss "how to properly effectuate the opt-in notice required by this ruling"); *see also Kakani v. Oracle Corp.*, No. C 06-06493 WHA, 2007 WL 1793774, at *7 (N.D. Cal. June 19, 2007) ("Under no circumstances can counsel collude to take away FLSA rights including the worker's right to control his or her own claim without the burden of having to opt out of someone else's lawsuit.").

5

The parties offer no authority or argument in support of the request to approve a settlement agreement that would release Hopebridge from liability under the FLSA without following the statutorily required opt-in procedure.  Therefore, the motion is **DENIED as presented**.

### B. Sufficiency of the motion and supporting brief

Other following issues in the current motion and brief must be remedied in future filings.

First, the parties' brief does not analyze whether the proposed class meets the Rule 23(a) or Rule 23(b)(3) standard as to allow the IWPS claim to be resolved on a class-wide basis.  Instead, it simply states, "[f]or purposes of this settlement, the Parties agree that the requirements for certification of a settlement class have been met."  Dkt. 34 at 4.  But a court may not "abandon the Federal Rules merely because a settlement seems fair, or even if the settlement is a 'good deal.'"  *Uhl*, 309 F.3d at 985.  Instead, the Court must be able to assure itself that the requirements of the Federal Rules are met and that the interests of the class are well served by the settlement.  *See, e.g.*, *Burnett v. Conseco Life Ins. Co.*, No. 1:18-cv-00200-JPH-DML, 2020 WL 4207787 (S.D. Ind. Jul. 22, 2020) (analyzing, in detail, the requirements of Federal Rule of Civil Procedure 23 before preliminarily approving class).  Therefore, any future motion must clearly explain how the proposed settlement would satisfy each of the requirements under Rule 23(a) and (b)(3).

Second, the parties provided no declarations or other evidence to aid the court in its assessment of whether the proposed settlement is appropriate under Rule 23 or § 216(b).  This is especially problematic in the FLSA context because, before a court may conditionally certify a FLSA collective action, "[t]he plaintiffs must make a modest factual showing sufficient to demonstrate that they and potential plaintiffs together were victims of a common policy or plan that violated the law."  *Grosscup v. KPW Mgmt., Inc.*, 261 F. Supp. 3d 867, 869-70 (N.D. Ill. 2017).  Here, while the complaint alleges that Ms. Skevington is "representative of those other similarly situated employees" and that they were all subject to "company-wide payroll policies and/or practices," there is no factual evidence to support that conclusion.  *See, e.g.*, *Ivery v. RMH Franchise Corp.*, 280 F. Supp. 3d 1121, 1133 (N.D. Ill. Dec. 8, 2017) (conditionally certifying FLSA collective action when the named plaintiff "submit[ed] two declarations—one her own and another from [] a former plaintiff—attesting to how they performed similar duties and were uniformly classified as exempt from overtime."); *see also Burnett*, 2020 WL 4207787 (relying on declarations and affidavits to assess the Rule 23(a) and (b)(3) factors).

\* \* \*

If the parties decide to refile the motion for preliminary approval of the class settlement, they must address the issues identified in this Order and ensure that their motion, notice, and proposed settlement otherwise comply with all the requirements covering 29 U.S.C. § 216(b) collective actions and/or Rule 23 class actions.

7

**IV.**
**Conclusion**

The motion for preliminary approval of class settlement, dkt. [33], is

**DENIED as presented.**

**SO ORDERED.**

Date: 8/3/2023

_James Patrick Hanlon_
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

All electronically registered counsel

8