**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| JACQUELINE SKEVINGTON, individually and on behalf of others similarly situated, | ) ) ) |
| | ) Case No. 1:21-cv-03105-JPH-MG |
| Plaintiff, | ) ) Judge James Patrick Hanlon |
| vs. | ) ) Magistrate Judge Mario Garcia |
| HOPEBRIDGE, LLC, | ) ) ) |
| Defendant. | ) |

***JOINT MOTION FOR FINAL APPROVAL OF REVISED CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE***

Plaintiff Jacqueline Skevington ("Plaintiff" or "Skevington") asserted claims, individually and as proposed representative of the proposed "Rule 23 Class" and Fair Labor Standards Act Collective ("FLSA Collective"), which relate to the payment of wages to employees of Defendant Hopebridge, LLC ("Defendant" or "Hopebridge"). Specifically, the Rule 23 Class and FLSA Collective consist of, with limited exceptions, all non-exempt, hourly-paid Registered Behavior Technicians ("RBTs") employed by Hopebridge at one or more of its locations in the United States at any time between December 28, 2019 and May 12, 2022. This motion seeks final certification of the Rule 23 Class for settlement purposes only pursuant to Federal Rule of Civil Procedure 23(b)(3), final certification of the FLSA Collective for settlement purposes only pursuant to 29 U.S.C. § 216(b), and final approval of the settlement and Revised Class Action Settlement Agreement and Release ("Revised Agreement") that was granted preliminary approval by this Court on March 18, 2024. [Dkt. 42.] A Fairness Hearing for the final approval of the Revised Agreement and settlement is being conducted by this Court on

June 25, 2024 at 9:30 a.m. in Courtroom 329 of the Birch Bayh Federal Building & U.S. Courthouse, 46 East Ohio Street, Indianapolis, Indiana 46204.

Consistent with this Court's March 18, 2024 Order, the Settlement Administrator mailed Notices to all putative members of the Rule 23 Class and FLSA Collective. FLSA opt-in forms and Rule 23 opt-out (exclusions) letters were collected from the Class/Collective through May 31, 2024. Consistent with the Court's Order, the Parties are separately filing a contemporaneous Notice of Class Action Opt-Outs and Collective Action Opt-Ins, listing the names of (a) all persons who submitted an opt-out request and (b) all persons who submitted a request to opt into the FLSA Collective.

Notices were mailed to 6,082 putative Class/Collective Members. This number represents the putative Class/Collective Members minus the RBTs who opted in as a plaintiff and were entitled to a recovery in the settlement reached in the earlier case, *Ryan Myres et al. v. Hopebridge, LLC*, S.D. Ohio Case No. 2:20-cv-5390 ("*Myres*"). [*See* Revised Agr., Dkt. 37-1 at PageID 227–28 (excluding *Myres* plaintiffs from the Class/Collective in this case).]

The Settlement Amount that Hopebridge will pay under the Revised Agreement is $326,493.00. [Revised Agr., Dkt. 37-1 at PageID 233.] In turn, the Net Settlement Amount is the Settlement Amount less deductions for: (1) Court-approved attorneys' fees, costs, and expenses for Class/Collective Counsel; (2) any Court-approved Service Award to Plaintiff; and (3) Settlement Administrator costs. [*Id.* at PageID 227.]

Assuming attorneys' fees of $78,666.67, a Service Award of $5,000 to Plaintiff, and Settlement Administrator cots of $25,000, the Net Settlement Amount would be $217,826.33. Under the Revised Agreement, twenty percent (20%) of this Net Settlement Amount—$43,565.27—will be attributed to the Settlement Shares for the FLSA Collective ("FLSA

Collective Portion of the Net Settlement Amount"). [Revised Agr., Dkt. 37-1 at PageID 234.] Eighty percent (80%) of the Net Settlement Amount—$174,261.06—will be attributed to the Settlement Shares for the Rule 23 Class ("Rule 23 Class Portion of the Net Settlement Amount"). [*Id.*]

Based on the assumptions above, each Class/Collective Member's potential Settlement Share for the FLSA Collective would be $7.16 (i.e., the FLSA Collective Portion of the Net Settlement Amount ($43,565.27) divided equally by the number of Class/Collective Members (6,082)). [Revised Agr., Dkt. 37-1 at PageID 234.] However, only Affected FLSA Collective Members (i.e., individuals who opt into the FLSA Collective) are entitled to receive a Settlement Share for the FLSA Collective. [*Id.*]

Each Class/Collective Member's potential Settlement Share for the Rule 23 Class Action would be $28.65 (i.e., the Rule 23 Class Portion of the Net Settlement Amount ($174,261.06) divided equally by the number of Class/Collective Members (6,082)), based on the assumptions above. [Revised Agr., Dkt. 37-1 at PageID 234.] Only Affected Rule 23 Class Members (i.e., individuals who do not request exclusion from the Rule 23 Class) are entitled to receive a Settlement Share for the Rule 23 Class. [*Id.*]

A total of 521 putative Class/Collective Members validly opted into the FLSA Collective and are thus Affected FLSA Collective Members.[1] Only six putative Class/Collective Members requested exclusion from the Rule 23 Class, so the number of Affected Rule 23 Class Members is 6,076.

---

[1] An additional eight individuals timely filed written consent to join forms that were identified as deficient by the Settlement Administrator. These eight individuals will have until approximately mid-July (30 days from after the mailing of a deficiency notice letter) to cure the deficiency identified by the Settlement Administrator. If these individuals cure the identified deficiencies, they will become Affected FLSA Collective Members.

Individuals who both opted into the FLSA Collective and did not opt out of the Rule 23 Class will therefore receive approximately $35.81. And individuals who are only a part of the Rule 23 Class will receive approximately $28.65. None of the putative Class/Collective Members opted into the FLSA Collective while requesting exclusion from the Rule 23 Class.

As the Parties explained in their Memorandum in Support of Joint Motion for Preliminary Approval [Dkt. 38] and Supplemental Memorandum in Support of their Joint Motion for Preliminary Approval [Dkt. 45], the Parties believe that these settlement amounts are fair and fully compensate the Class/Collective Members for their alleged unpaid wages at issue in this case.

The Parties received one letter that appears to object to the settlement for unspecified reasons. One Class/Collective Member, Cassandra Thomas, who both opted into the FLSA Collective and has not requested exclusion from the Rule 23 Class, sent a letter in which she states that she "Object[s] to the Settlement or any part of the settlement." [Cassandra Thomas Consent to Join and Ltr., Dkt. 57 at PageID 549.] However, the letter does not provide any indication why Ms. Thomas is objecting to the settlement. [*See id.*] And Ms. Thomas indicated in the letter that she does not intend to appear at the Court's Fairness Hearing to present her objection in person. [*Id.*] The Parties do not believe that this one unspecified objection provides a basis to reject the Parties' fair and reasonable settlement of this matter.

Plaintiff filed her Motion for Final Approval of Class Attorney's Fees and supporting Affidavits with the Court on April 15, 2024. [Dkts. 46 & 47.]

In support of their Joint Motion for Final Approval, the Parties rely upon the same facts and legal arguments made in their November 21, 2023 Joint Motion for Preliminary Approval

and Memorandum in Support [Dkts. 37 & 38] and their April 15, 2024 Supplemental Memorandum in Support of their Joint Motion for Preliminary Approval. [Dkt. 45.]

The Parties therefore move the Court for a final order approving the Revised Agreement and settlement after conducting the June 25, 2024 Fairness Hearing. A proposed Final Order is attached hereto.

Dated: June 11, 2024                                    Respectfully submitted,

*/s/ Robert P. Kondras, Jr.*                            */s/ Erica M. Knear*
Robert P. Kondras, Jr., #18038-84                       Erica M. Knear #35028-53
HASSLER KONDRAS MILLER LLP                              Taft Stettinius & Hollister LLP
100 Cherry Street                                       One Indiana Square, Suite 3500
Terre Haute, IN 47807                                   Indianapolis, IN 46204
(812) 232-9691                                          Telephone: (317) 713-3500
(812) 234-2881 Facsimile                                Facsimile: (317) 713-3699
kondras@hkmlawfirm.com                                  eknear@taftlaw.com

ONE OF THE ATTORNEYS FOR                                Pamela S. Krivda (*pro hac vice*)
PLAINTIFF                                               (OH Bar # 0041133)
                                                        Janica Pierce Tucker (*pro hac vice*)
                                                        (OH Bar # 0075074)
                                                        Jonathan N. Olivito (*pro hac vice*)
                                                        (OH Bar # 0092169)
                                                        Taft Stettinius & Hollister LLP
                                                        41 S. High Street, Suite 1800
                                                        Columbus, OH 43215
                                                        Telephone: (614) 221-2838
                                                        Facsimile: (614) 221-2007
                                                        pkrivda@taftlaw.com
                                                        jpierce@taftlaw.com
                                                        jolivito@taftlaw.com

                                                        ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

      I hereby certify that on June 11, 2024, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all counsel of record by operation of the Court's filing system. Parties may access this filing through the Court's system.

                                      */s/ Robert P. Kondras, Jr.*
                                      Robert P. Kondras, Jr.